## JESSE RAWLES v. S. P. PERKEY, EXECUTOR.

1. PRACTICE.—In a suit to enforce the vendor's lien against the vendee and a subsequent purchaser, it is error to render judgment against such subsequent purchaser for any deficit after the sale of the land.
2. VENDOR'S LIEN—BONA-FIDE PURCHASER.— A purchaser without notice of a prior vendor's lien, taking a deed and paying part of the purchase-money, is a *bona-fide* purchaser to the extent of the purchase-money by him paid without notice.
3. VENDOR'S LIEN—NEGOTIABLE NOTE AS PAYMENT.—A negotiable note made by such purchaser, and which had been assigned, before maturity and before notice of the lien, in due course of trade, would be a payment, and be protected as against the prior lien.
4. ASSIGNMENT OF NEGOTIABLE NOTE AS COLLATERAL SECURITY.— The assignment as collateral security of such note would appropriate the note to the extent necessary to discharge the debt for which it was assigned as collateral.
5. PRACTICE.—Where such purchaser's note so outstanding was also a lien upon the land, the proper practice would be (1) to ascertain the extent to which the note was owned by the original vendee as the extent to which the original vendor had a lien upon the land; (2) to allow a reasonable time within which said sum should be paid; and (3) order sale of the land on the non-payment of said sum within the time so fixed.
6. PRACTICE IN SUPREME COURT.—This court will not reform a judgment, unless the record shows that the rights of all parties to the suit can be ascertained and protected.

ERROR from Panola. Tried below before the Hon. A. J. Booty.

So far as acted on by the court, the opinion sets out the facts.

*Jones & Henry,* for defendant in error.

I. The fifth assignment is that the court erred in rendering any judgment against defendant Rawles, over and above the proceeds of the land ordered to be sold.

We admit that there was error in the judgment as rendered, in adjudging execution against Rawles personally for any amount, save the costs of suit.

Defendant in error filed a remittitur in the court below,

and now remits all of said judgment against said Rawles, save and except so much thereof as the proceeds of the sale of the land ordered to be sold will satisfy; and if it should fall short of discharging the judgment against him for his costs of suit, we ask the court to reform the judgment of the court below and render it accordingly.

II. Though Rawles, when he purchased from Hewitt, had no notice of Perkey's lien, yet, if he had such notice before he paid Hewitt for the land, he was bound by such notice to the extent of the purchase-money unpaid by him when he received it.

*A. M. Carter,* also for defendant in error.

I. "Where a vendee who has not paid his purchase-money sells the estate to a *bona-fide* purchaser without notice, if the purchase-money has not been paid to him by his vendee, the original vendor may proceed against the estate for his lien, or against the purchase-money in the hands of such purchaser for satisfaction." (2 Story's Eq. Jur., sec. 1232.)

II. Notice of an incumbrance stops all further proceedings toward the completion of the purchase or the payment of money. (Frost *v.* Beekman, 1 Johns. Ch. R., 300; Parke *v.* Cadwick, 8 W. & S., 96.)

III. A creditor who bargains for the land of his debtor, and receives the legal title without any notice that his vendor has not paid his purchase-money, and credits, or agrees to credit, his demand with the amount of the purchase-price, is not a *bona-fide* purchaser for a valuable consideration, paid without notice, and entitled to protection as such. (Ayres *v.* Duprey, 27 Tex., 606; Dickerson *v.* Tillinghast, 4 Paige, 215.)

IV. A vendor's lien is not within the registration acts, (Paschal's Dig., arts. 4988, 4994,) and a purchaser cannot claim, as against the same, as a creditor. The vendor's lien is an equitable lien or estate, and is not within our registration laws; hence not affected by them. (Blankenship *v.*

Douglas, 26 Tex., 226; Orme *v.* Roberts, 33 Tex., 768; Grace *v.* Wade, 45 Tex., 528, 529.)

V. Where one vendor who sells and takes a note for purchase-money, and his vendee sells to a third party, in a suit by this original vendor against such subsequent vendee it is incumbent on the plaintiff in such suit to allege and prove that such subsequent vendee either purchased with notice or had such notice before paying the purchase-money, and the answer of such subsequent vendee by general denial is sufficient to let in any proof of a purchaser for value without notice. (McAlpine *v.* Burnett, 23 Tex., 651.) The defendant, therefore, was not injured by the action of the court in sustaining the demurrer to his special answer.

BONNER, ASSOCIATE JUSTICE.—The substantial facts in this case, as shown by the record, are, that on February 28, 1871, the defendant in error, S. P. Perkey, as executor of S. H. Perkey, deceased, sold to John W. Hewitt an interest in the Roy Alford survey of land in Hill county, and made him a deed thereto, reciting the consideration of $2,556 to have been in hand paid, and which deed was certified to have been duly recorded in the county of Hill on July 1, 1871; that Hewitt executed his note therefor for $2,556, payable at eighteen months after date; that on November 20, 1874, Hewitt sold the said land to Jesse Rawles, plaintiff in error, by deed of that date, duly recorded May 13, 1876, and delivered to him the possession of the land and the title deeds; that the consideration of this last sale was $1,600 paid down and a note for the sum of $2,600, made by Rawles, payable to Hewitt or bearer, of date November 20, 1874, and due at twelve months; that on March 20, 1875, before the maturity of this note, the same was transferred to P. J. Willis & Bro. as collateral security for indebtedness to them due by Hewitt and one Page. The testimony is not satisfactory that the indebtedness for which this note was transferred as collateral security has been paid; that Rawles, at the date of his pur-

chase and payment of $1,600, had no notice of the vendor's lien on the land for the unpaid purchase-money due by Hewitt to Perkey, but was notified of the existence of the same in August, 1875, after the transfer of the note.

S. P. Perkey, as such executor, instituted this suit against Hewitt upon his note, and against Rawles to subject the land to the vendor's lien. P. J. Willis & Brother were made parties by supplemental petition. Judgment was rendered against Hewitt for $3,392.84; and, although there is some ambiguity in regard thereto, it seems to have been intended to have rendered a personal judgment against Rawles, in favor of plaintiff, for the sum of $2,777.50,—amount of his note for $2,600, with interest, less credit of $160 paid by him,—and that an order of sale issue against the land for this $2,777.50, the excess, if any, to be paid over to Rawles; and for any deficit of that amount which the land might fail to bring, that execution issue against him. Judgment was also rendered in favor of plaintiff against R. S. Willis, as surviving partner of P. J. Willis & Brother, who had set up his claim to the said note held by him as collateral security. The defendant Rawles appeals.

It is admitted by counsel for appellee that there was error in awarding execution in favor of plaintiff Perkey against defendant Rawles for the amount of the deficit which the land might sell for less than said sum of $2,777.50. At a subsequent term of the District Court, after the writ of error had been perfected, the plaintiff sought to release defendant Rawles from the personal judgment for this deficit, but this was refused by the court. For the error of the court in awarding this personal judgment and execution against Rawles, the judgment must be reversed; and as, in the opinion of the court, the testimony is not so certain as to enable us satisfactorily to reform the judgment here so as to protect the equities of all the parties, the cause will be remanded. We think proper to indicate our views upon the material question which from the record will arise upon another trial.

How far a subsequent purchaser, who has bought in good faith without notice of any prior lien, but receives such notice before full payment of the purchase-money, should be protected in equity, has been a subject of much consideration and difference of opinion by the courts. The English doctrine requires that a subsequent purchaser, to be protected against the prior lien, must not only have contracted without notice of the incumbrance, but that the conveyance should have been actually made and all the purchase-money paid before such notice. This seemingly "harsh and inequitable doctrine" has been qualified by some of the American courts, and the purchaser, when he has paid part of the purchase-money, is protected *pro tanto.* In some cases it has been held that the equity arising from part payment would entitle the purchaser to the land itself, subject to a lien for the part unpaid, in favor of the holder of the prior equity. (White & T.'s Lead. Cas. in Eq., vol. 2, part 1, notes to Basset *v.* Nosworthy; Dufphey *v.* Frenaye, 5 Stew. & Port., 215; Story's Eq. Jur., sec. 64 *a.*)

The rule is thus laid down by Chancellor Kent, in Frost *v.* Beekman, 1 Johns. Ch. R., 301: "It is an established rule in equity to give no assistance against a purchaser for a valuable consideration without notice. (Wallwyn *v.* Lee, 9 Ves. Jr., 24.) He has equal claims upon the equity of the court. But whenever actual notice of the true sum in the mortgage can be brought home to the purchaser, he is from that time, so far as the former purchase is left incomplete, either as to the deed on the one hand or as to the payments on the other, bound by the prior equitable lien; and all subsequent payments by him are made in his own wrong, so far as the rights of the mortgagee are concerned."

That such purchaser should be protected for the amount actually paid before notice of the prior incumbrance, is more in accordance, we think, with the liberal principles of true equity than the English rule. We are further of opinion that, in justice to the first vendor, in a case like the one now

before the court, where the amount unpaid by the subsequent purchaser is secured by the vendor's lien, the land in the hands of this subsequent purchaser should, upon notice, stand charged to the extent of the purchase-money still unpaid by him, for the benefit of the party holding the antecedent lien.

A part of the purchase-money on the subsequent sale of the land from Hewitt to Rawles, and for the payment of which, so far as the record shows, the land was bound by the vendor's lien in favor of Hewitt, was still due by Rawles at the time he received notice of the prior lien in favor of Perkey. To this extent the land should be charged, but not for the full amount of the original indebtedness from Hewitt to Perkey. For any payment made by Rawles before notice, and for the subsequent payment of $160 made to plaintiff, he should have credit. His note for $2,600 being payable at twelve months and negotiable by delivery, the transfer of it before maturity to P. J. Willis & Bro., as collateral security, was a transfer in the due course of trade, and in which Rawles should be protected to the amount, if any, for which the same may be legitimately appropriated by them in payment of their debt. (Frost v. Beekman, supra; Greneaux v. Wheeler, 6 Tex., 527.) As all these parties will be before the court below, their respective rights should be ascertained, determined, and protected by the decree. To pay the amount then found due by Rawles, and for which the lands are properly chargeable in his hands, he should have a reasonable time after this is ascertained within which to discharge the same, without a forced sale of the land. If not then discharged, an order of sale should issue for that purpose; and when sold the proceeds should be applied to the payment of the amount for which the land is thus chargeable in the hands of Rawles, and the remainder, if any, should be paid over to him.

The plaintiff, in any event, will be entitled to a personal judgment against Hewitt for the amount which may be still unpaid on his note, the same to be credited with the amount

which may be owing him by Rawles to the extent that may be paid thereon to the plaintiff by the sale of the land.

The judgment is reversed and remanded for a new trial, in accordance with the above instructions.

REVERSED AND REMANDED.