64   43<br>88   509

## McGuire, Helm & Co. v. B. G. Bidwell.

(Case No. 3383.)

1. Payment — Negotiable note. — A negotiable promissory note given by a debtor does not amount to payment of the debt for which it is given unless the circumstances show that such was the intention of the parties. Hence, a note given by agreement between merchant and merchant, not in payment of a debt, but to evidence a credit in their dealings with each other and as a convenient basis of future credit, will not, when it constitutes an item in a mutual current account between the parties concerning the trade of merchandise between merchant and merchant, be barred by the lapse of four years from its maturity in a suit upon an account (containing that item), for the balance due on the account. The account would not be subject to the statutory bar of four years until that time had elapsed after the cessation of the dealings in which the parties were interested together. In a suit upon the note alone the four years' statute would apply from the date of its maturity.

Appeal from Parker. Tried below before the Hon. A. J. Hood.

*Jasper N. Haney*, for appellants, cited R. S., arts. 3205, 2266, and insisted that the note was only subject to the law of limitations applicable to accounts between merchant and merchant.

*E. P. Nicholson*, for appellee, cited: Wann *v.* McNulty, 43 Am. Dec., 60 and 62, note; 44 Tex., 470; R. S., art. 3205.

Stayton, Associate Justice.— This action was brought March 27, 1883, to recover a balance alleged to be due on an account between

appellants and appellee, which was also alleged to be a mutual and current account between merchant and merchant.

The last item of the account bears date October 21, 1879.

The second item consists of $1,000 advanced by appellants to appellee, and it appears that for this item, on the day it was advanced, appellee executed to appellants his negotiable promissory note payable four months after its date, which was December 20, 1877.

This note, which has never been paid, unless it ought to be considered as paid through the legal appropriation of sums of money which came into the hands of the appellants in the subsequent course of business between the parties, was fully set up in the petition, and the item for which it was given was alleged to be the same item of indebtedness as that evidenced by the note.

After setting out fully the account between the parties, through an exhibit, consisting of items of mutual debits and credits of the respective parties, the petitioner alleged " that the note above named was made by agreement between plaintiffs and defendant as a common basis of credit, and to evidence a credit in favor of defendant with plaintiff in their said mutual dealings and accounts in which plaintiffs and defendant as merchants concerning their said trade were interested, and that the debt and amount due plaintiff from defendant, as shown by said account and said note, is one and the same debt; but that the account and dealings, charges and credits as shown by said account were all made subsequent to said note and the said debt herein sued upon said mentioned current account concerning the trade between said plaintiffs merchants and said defendants merchants."

The evidence shows clearly that the note mentioned was not taken in payment or satisfaction of the sum of money advanced by the appellants to the appellee, to enable him to prosecute the business which he engaged in, but that it was taken to enable the appellants to have in hand paper upon which they could obtain money should they find it necessary to do so, as well as to evidence the indebtedness of the appellee to them.

Neither party claims that the suit was brought on the note, yet the defendant pleaded the statute of limitations of four years in bar of the note, and also pleaded the limitation of two years in bar of the account.

If the suit had been on the note, the defense set up would have been good, for the period had elapsed which would bar an action on it, and the balance sued for did not amount to as much as the note and interest due upon it.

The fact that a note was given, it clearly appearing that it was not taken in payment or satisfaction of the item for money advanced, interposed no obstacle to a suit upon the account containing that item, for the balance due.

The rule is that the negotiable promissory note of the debtor does not amount to payment of the indebtedness for which it is given unless the circumstances show that such was the intention of the parties.   2 Parsons on Contracts, 624; 2 Chitty on Contracts, 1135; Anson on Contracts, 263.   In the notes to these citations the authorities are fully cited.

If, however, this were not true, under the facts of this case, the application of the rules regulating the appropriation of payments would require that the credits to the appellee accruing after the maturity of the note should be applied as they accrued until the sum evidenced by the note was discharged, which would leave the balance due on the account, other than the second item, which covers the same indebtedness as the note.

There can be no doubt, under the pleadings and evidence, that the appellants and appellee were merchants within the meaning of article 3205, R. S.; and that the account sued on was a " mutual current account concerning the trade of merchandise between merchant and merchant; " hence, the account would not be subject to the statutory bar of four years until that time had elapsed after a cessation of the dealings in which the parties were interested together.   R. S., 3205; Gregory v. Beauchamp, 5 Tex. Law Rev., 16.

Four years had not elapsed after the cessation of business between the parties before this action was brought, and the appellants are entitled to recover the balance actually due on the account sued on.

Interest, however, should be computed with reference to the period at which the several items of indebtedness accrued, and with reference to the time when the various items of credits were received by the appellants, having in view the law regulating interest on open accounts.

The judgment will be reversed, but will not be here rendered, but will be remanded, that protection, if necessary, may be given to the appellee against the note alleged to have been executed, should it appear that it was transferred to any other person by the appellant under such circumstances as would enable the present holder to enforce the same against the appellee, and that the court below may cause judgment to be entered in accordance with this opinion.   It is accordingly so ordered.

REVERSED AND RENDERED.

[Opinion delivered April 24, 1885.]