### N. H. RICKER v. WILLIAM SCHADT.

#### No. 326.

1. **Mechanic's Lien, How Fixed by Material Men.**—The lien given to material men who furnish material to contractors exists only where the owner owes the original contractor, or where he has wrongfully paid such contractor after having received the statutory notice of the claim due for material; and that a payment was made by the owner to the contractor before it was due, or without a certificate of the architect that such sum was due, does not affect the question.

2. **Joint Contracts — Parties.**—One of several joint contractors can not sue alone upon a cause of action accruing to himself and the others jointly.

3. **Same.**—A breach of an agreement by S. and others with R. to complete his unfinished house does not give a cause of action to S. alone.

4. **Building Contract— Unused Material.**—When a building contract provides, that if the contractor fails to carry out his contract all material delivered on the premises was to be considered the property of the owner, the fact that the unused material on the premises had been purchased by the contractor on a credit, gives the material man who sold it no claim against the owner for its value, and no lien on the building into which it was subsequently worked.

5. **Mechanic's Lien on Homestead.**—No mechanic's lien can be fixed upon a homestead unless the contract for material was signed by the wife.

APPEAL from Galveston. Tried below before Hon. W. H. STEWART.

*Hume & Kleberg*, for appellant.—1. It does not appear from said petition that this defendant at the time of or subsequent to the alleged notice

to him of plaintiff's said claim, was indebted to defendant Heuss. Sayles' Civ. Stats., arts. 3176, 3177; Fullenwider v. Longmoor, 73 Texas, 482; Dudley v. Jones, 77 Texas, 70; Burt v. Parker County, 77 Texas, 341.

2. The evidence did not show that Ricker was personally liable to plaintiff, nor that his property was subject to any lien in plaintiff's favor. The judgment should have been for Ricker.

No personal liability: Sayles' Civ. Stats., arts. 3164, 3165, 3168, 3173, 3175–3178; Dudley v. Jones, 77 Texas, 70; Burt v. Parker County, 77 Texas, 341; Phill. on Mech. Liens, sec. 212; 15 Am. and Eng. Encycl. of Law, 127, 192, 193.

No compliance with statute and no lien thereby: Sayles' Civ. Stats., arts. 3164, 3165, 3168, 3176–3179; Fullenwider v. Longmoor, 73 Texas, 484; Dudley v. Jones, 77 Texas, 69; Burt v. Parker County, 77 Texas, 341; Lee v. O'Brien, 54 Texas, 635; Phill. on Mech. Liens, secs. 9, 10, 14, 15, 212, 215; 15 Am. and Eng. Encycl. of Law, 5, 6, 79, 80, 127; 2 Jones on Liens, sec. 1299.

No lien, either at law or in equity, independently of statute: Pratt v. Tudor, 14 Texas, 39; Canal Co. v. Gordon, 6 Wall., 571; Phill. on Mech. Liens, secs. 1–2a, 9, 10; 2 Jones on Liens, sec. 1184; 15 Am. and Eng. Encycl. of Law, 5–9, 179.

3. The court erred in foreclosing a lien upon the premises of Ricker, or any part thereof, because the undisputed evidence was, that said premises were the homestead of Ricker and his family, and that his wife never joined in any contract, express or implied, to subject same to a lien for the lumber and materials supplied for the construction of said house. Const., art. 16, sec. 50; Sayles' Civ. Stats., arts. 3174, 560, 4310, 4313, 2341, sec. 3; Barnes v. White, 53 Texas, 628; Fullenwider v. Longmoor, 73 Texas, 483; Huff v. Clark, 59 Texas, 347; Lyon v. Ozee, 66 Texas, 97; Cameron v. Marshall, 65 Texas, 10.

*Howard Finley*, for appellee.—The charge of the court was correct. Cool. on Torts, 448.

WILLIAMS, ASSOCIATE JUSTICE.—Appellee sued appellant, Ricker, and one Heuss to recover a personal judgment against them for $816.15, the value of lumber furnished to be used in the construction of a house on certain lots in Galveston belonging to Ricker, and to foreclose a lien for the value of the materials in the house into which they were put and on the lots upon which it was situated.

The petition contained allegations of many facts upon which it was sought to fix upon Ricker a personal liability, and upon his house and lots a lien for the debts sued for.

The first paragraph charged sale to Heuss and Ricker jointly. For the articles thus sold and prices charged reference was made to an account or

bill of particulars, attached as an exhibit. This was a statement showing sales to Heuss alone, and showing that it had been made out, sworn to, and filed with the county clerk to be recorded in order to fix a lien upon the property. The affidavit to the account stated that the lumber had been furnished to Heuss, as contractor for the building of Ricker's house, to be used in the building, and that it was so used with Ricker's knowledge and consent.

The second paragraph or count charges a verbal contract with Heuss alone, under which the lumber was furnished to the latter to be used in the building, and that it was so used with Ricker's knowledge and consent, and at his special instance and request; and that Heuss had contracted with Ricker to build the house. Allegations were also made as to the filing of the sworn account against Heuss and the giving of notice to Ricker, as required by law, ten days before such filing. The endorsement on the account showed that it was filed with the county clerk June 16, 1888.

The third count alleged, that the material was sold to Heuss at the special instance and request of Ricker, and repeated substantially the other allegations of the second count. In addition, it stated a contract between Ricker and Heuss, by which Ricker bound himself to pay for the material and construction of the building about $8500 in installments, to be paid only upon the certificate of an architect as the work progressed; that the purpose of paying in installments was to furnish and pay for materials as the same were delivered and used, and as a protection to Ricker against liens for the same; that by means of such contract Ricker induced plaintiff to furnish the lumber; that contrary to his contract, on or about May 1, 1888, Ricker paid to Heuss $600, without a certificate of the architect and before work was done that authorized such payment; that upon such payment Heuss abandoned the country, and Ricker took possession of the unfinished building, together with lumber of the value of $600, furnished to Heuss by plaintiff and not used by him; that thereupon plaintiff, joined by other material men and workmen who had claims against the improvement and premises, proposed to Ricker to complete the building in compliance with the contract of the latter with Heuss for the balance of the price therein agreed upon still unpaid, viz., about $6500, and that Ricker accepted and agreed to such proposition; that plaintiff was at all times ready and willing to carry out such contract, but that Ricker, in violation thereof, employed another person to perform the work, and prevented plaintiff from doing so, to his damage $2000.

The fourth count charges, that on account of the matters alleged defendants were liable for the debt of $816.15, and that the property was subject to a lien therefor. Prayer for judgment for this debt and foreclosure of the lien.

A number of exceptions raising the questions discussed were urged to

the several counts. All of them were overruled, and the cause was tried by a jury, and a verdict was returned for plaintiff for $231.61 against both defendants, and judgment was rendered for that sum and foreclosing the lien upon the property.

The court in its charge submitted only one question to the jury, as follows: "If you believe from the evidence that any of the lumber specified in the account attached to plaintiff's petition was left by defendant Heuss lying loose about the house or on the lots described in the petition, and that defendant Ricker has not paid Heuss for the lumber so lying loose in and about the building and premises, and that defendant Ricker refused to let Schadt take away such loose lumber, and that Ricker, through his subsequent contractor, had said loose lumber worked up in the construction of the building, then both Heuss and Ricker would be liable to pay Schadt the value of said loose lumber so wrought up in the building; and if you so believe from the evidence, then the verdict should be for the plaintiff against Heuss and Ricker for the value of said loose lumber so worked up by Ricker into the building. I mean the loose lumber actually worked into the building by Ricker, and not the lumber that might have been there and not worked up in the building."

Ricker alone appeals.

*Opinion.*—As the case turned upon one question in the trial below, this appeal might be disposed of by a determination of that alone. But counsel for appellant insists upon a decision of the questions raised by the exceptions, and in view of future proceedings, it is proper that those points should be settled.

Those parts of the petition which charge a sale to Ricker and Heuss jointly are obviously sufficient to show a liability on the part of both, unless they are so contradicted by the exhibit attached, and by the other allegations in the petition, as to destroy their force. If the whole petition be taken together, it becomes apparent that the material was sold to Heuss to be by him used in the building, and that Ricker is to be affected with personal liability or with a lien on his property, either by a compliance on plaintiff's part with the provisions of the statute regulating the lien asserted, or by Ricker's own subsequent acts.

The petition shows that Heuss abandoned the contract about May 1, 1888, and that Ricker had then paid him more than he was entitled to upon the contract, from which the inference is irresistible that at the subsequent date at which plaintiff alleges he gave Ricker notice of his claim of lien the latter owed Heuss nothing.

Persons who furnish material to the original contractor can only reach the owner or his property through an indebtedness on his part to such original contractor. The lien given to material men exists only where the owner owes the original contractor, or where he has wrongfully paid

such contractor after receiving the statutory notice of the claim due for material. Consequently, in order to make out a cause of action in such a case, the petition should show that at the time such notice was given the owner still owed the original contractor, or that he subsequently became indebted to him. This petition does neither, but by the facts alleged negatives any supposition that at the time the notice was given, or at any subsequent time, Ricker was indebted to Heuss upon the contract.

That the payment of $600 was made before it was due under the contract is no answer. Until the plaintiff had taken the proper proceedings to fix his lien under the statute, the parties to the contract had the right to make such settlements as they chose. So long as notice of claims for material is not given to him, the owner of the property is not bound to take any notice of them. He can not know that the material men intend to rely upon his property as their security until they have taken the proper step to establish their right to do so. Fullenwider v. Longmoor, 73 Texas, 484; Dudley v. Jones, 77 Texas, 70.

The allegations that the contract was made payable in installments to protect those who should furnish material charged no facts sufficient to show a right growing out of them to plaintiff. No contractual obligation is thereby charged to have been assumed by Ricker to plaintiff. The contract may have increased the opportunities of furnishers of material to secure their debts by compliance with the law; but if they did not avail themselves of their privilege, the defendant is not responsible.

The part of the petition alleging the agreement subsequent to Heuss' abandonment of the work, between plaintiff and others on one part and Ricker on the other, and the breach thereof by Ricker, was insufficient. If a cause of action arose from its breach, it accrued to the plaintiff jointly with others, and he could not alone maintain an action upon it.

No judgment is prayed for the damages alleged to have resulted from breach of the agreement. The facts stated seem to have been put in as having some effect upon plaintiff's claim for the debt, and not as constituting a distinct cause of action. Such facts have no bearing on the case as stated, and the exceptions should have been sustained to the part of the petition containing them.

All that remains to consider of the petition are the allegations in regard to the conversion by defendant, and use in the building, of material furnished by plaintiff to Heuss, and left unused by him. As we have seen, there is no allegation in the petition that at the time notice is alleged to have been given to Ricker of plaintiff's claim, or at any subsequent time, Ricker was indebted to Heuss; there is no allegation that the payments to Heuss by Ricker were not sufficient to cover all work done and material furnished by Heuss; there is not even an allegation that the lumber appropriated by Ricker still belonged to plaintiff. The plain inference

is that such lumber had been sold and delivered by plaintiff to Heuss. Such being the case, the title passed. Plaintiff then was compelled either to look to Heuss, and to pursue his ordinary remedies against him, or to establish a lien against the building into which the lumber was put, and in that way reach Ricker.

By a conversion or use of property the title to which was in Heuss, Ricker would not, under the common law, incur any liability to plaintiff for such property. Admitting that Ricker did not have title to the property left by Heuss, it is at least equally plain that plaintiff had not. Aside from the provisions of the statutes in favor of mechanics, material men, etc., Ricker, by use of the lumber, incurred no liability to plaintiff. Under those provisions there must have been an indebtedness from Ricker to Heuss at the time the notice was given, or subsequently, in order to reach Ricker, either with personal liability (if that could be done at all) or by a lien on his property.

There are authorities to the effect, that where the original contractor breaks and abandons his contract, one who has furnished material to him can not have a lien for material furnished. Maibow v. Burney, 11 Wis., 112; Blythe v. Poultney, 31 Cal., 234. These authorities proceed upon the ground, that inasmuch as the contractor who abandons the contract before completion could not recover on a quantum meruit if he should sue, the contract being entire, the subcontractor, having no greater rights under the contract than the original contractor, could not do so. Without deciding under what circumstances the original contractor could recover for the work done, it is enough to say, that no facts appear in this petition which would entitle either Heuss or plaintiff to recover upon the contract between the former and Ricker. Of course if the allegations of a joint purchase by Heuss and Ricker, or of sales to Heuss at Ricker's instance and request, stood alone, a cause of action would appear. But confused and contradicted as these averments are by others, they can not be held sufficient. The exceptions urged to the petition were all good.

There was no evidence that lumber was sold to Heuss and Ricker jointly, or was sold at all upon Ricker's request or credit. The contrary was shown by uncontracted testimony.

There was no sufficient proof of a contract between the material men and Ricker, that the former might carry out the contract which Heuss had abandoned. The evidence offered to establish such an agreement should have been excluded; and having been admitted, the charge requested by defendants, intended to render it harmless, should have been given.

The court admitted testimony to show the value of the unused material and of the work which Heuss had done, and to show the amount which Ricker had paid Heuss. The purpose of such evidence, it is to be pre-

sumed, was to establish the fact that the value of the work done and the material furnished by Heuss was greater than the amount paid, and to thus give rise to the conclusion that Ricker owed Heuss, or that Ricker had not paid Heuss for the unused material. There was no allegation of either fact in the pleadings, and for this reason the evidence was not admissible. But waiving this objection, would the fact that the work and material put into the house were at the time Heuss abandoned his undertaking worth more than Ricker had paid for them, show an indebtedness, under the circumstances, from Ricker to Heuss?

The contract in evidence provided, in substance, that in case of failure of Heuss to carry it out as agreed on, the owner should have the right to take possession of the premises and terminate the contract, and all claim of the contractor should cease; further, that the owner might provide workmen and materials to complete the contract, etc., and only such balance as should remain after completion should be paid to the contractor. It further provided, that all materials delivered on the premises were to be considered the property of the proprietor, and were not to be removed without his consent. Under these provisions, it is plain that Heuss, having abandoned the work, had no rights against Ricker at that time. Ricker had to complete the building at a greater cost than that contracted for with Heuss, and did not owe him anything. The evidence was irrevelant, and should have been excluded. Authorities before cited. Ferguson v. Bank, 4 E. D. Smith, 760; Lind v. Braedner, 7 N. Y. S. C., 604.

Another reason why no lien can be fixed upon appellant's property is, that his uncontradicted evidence shows that the notice of plaintiff's claim was never given as required by statute. Still another reason is, that the lots constituted his homestead, and the contract was not signed by his wife, as required in such cases. Cameron v. Gebhard, 85 Texas, 610.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered October 26, 1893.