## H. B. FALL v. W. A. NICHOLS ET AL.

### Decided October 13, 1906.

**Building Contract—Abandonment—Mechanic's Lien.**

By the terms of a building contract between the owner of the building and the contractor it was provided that in case of refusal or neglect of the contractor to furnish sufficient and proper material and labor, the owner should have the right to supply the same and deduct therefor from the contract price. After the work was partly done, the contractor told the owner that he was financially unable to procure the labor and materials for the completion of the building, and requested the owner to procure and pay for them and to deduct such expenditures from the contract price. This the owner did. Held, that neither the owner nor his building was liable to parties who had furnished material to the contractor, beyond the balance of the contract price remaining in the owner's hands after the completion of the building.

Appeal from the District Court of Jefferson County. Tried below before Hon. L. B. Hightower, Jr.

*Carlton & Proctor* and *E. E. Townes,* for appellant.—The evidence in this case shows an abandonment of his contract by the contractor of such a character as to give to the defendant Fall as owner a right to take charge of the building and complete it according to the plans and specifications. Rev. Stats., arts. 3305, 3308 and 3296; Baumgarten v. Mauer, 60 S. W. Rep., 451; Ricker v. Schadt, 23 S. W. Rep., 907; House v. Schultze, 52 S. W. Rep., 654; Riter v. Houston Oil & Refining Co., 48 S. W. Rep., 758; Timmons v. Casey, 47 S. W. Rep., 805; Campbell v. Coon (N. Y.), 38 Law Rep. Ann., 410.

*Hardy & Hardy,* for appellees.

GILL, CHIEF JUSTICE.—W. A. Nichols sued Hawkins and Delaney, contractors, to recover a judgment against them for the price of material furnished them by him to be used by them in the construction of a house for H. B. Fall which they had contracted to build for Fall. Nichols also sought to establish a material man's lien against the house and lot

to secure his claim. The Texas Builders and Supply Company brought a like suit against the same parties and they also sought to establish and enforce a lien on the premises against Fall.

The suits were consolidated and tried as one. To each Fall answered by general denial, and specially pleaded that the liens ought not to be declared against his property for a greater sum than $185 because after a part of the work had been done by the contractors they became financially unable to procure and pay for the material and labor necessary to complete the work according to contract. That thereupon by their consent and at their request he undertook and did procure and pay for the labor and material necessary to complete the work, and had the work completed for one hundred and eighty-five dollars less than the contract price. That this remainder belonged to the contractors, was subject to the plaintiffs' claims and he had held it and continued to hold it subject thereto. That under a clause in the written contract with Hawkins & Delaney he had the right to pursue the course he did in case the contractors neglected or refused to complete it.

A trial before the court resulted in judgments as prayed for against the contractors and the foreclosure of the alleged liens in the sums for which liens were claimed. Fall alone has appealed.

The trial court filed findings of fact and conclusions of law. We approve his fact findings as to the existence and terms of the building contract, the amount of the claims of plaintiffs against the contractors and the facts found by the court bearing upon the issue as to whether the liens had been fixed by a compliance with the statutes governing the fixing of such liens. We adopt his findings upon these points and thus avoid the necessity of setting out in this opinion the itemized accounts, notices, affidavits, etc., whereby the claimants sought to fix liens upon the property. The following general statement will suffice for the purposes of this opinion.

On the 19th day of December, 1901, Hawkins & Delaney, a firm of contractors, entered into a written contract with H. B. Fall to construct on a lot that belonged to him in Beaumont, Texas, a house, according to the plans and specifications agreed on. The price to be paid was $7,434.70, payable when the labor and material had been furnished by the contractors and the building properly completed. Among other things the contract contained, in substance, this provision: In case of refusal or neglect of the contractors to furnish sufficient and proper materials and labor the owner was given the right to supply the same and deduct therefor from the contract price.

After the work had been partly done Hawkins, one of the contractors, went to Fall and told him that the contractors were financially unable to procure the labor and materials for the completion of the contract, and requested Fall to procure and pay for them what they might reasonably cost, deduct their cost from the contract price and if anything remained after the building was thus finished it should belong to the contractors. Fall thereupon undertook and did pay cash for all labor and material reasonably necessary to complete the building according to contract. It was so done by him, and when so completed $185 remained of the contract price after deducting what it cost him to complete the building and certain payments which he had made to plaintiffs for

material furnished by plaintiffs to the contractors before Fall undertook its completion and a small payment made to the contractors prior to any notice from plaintiffs as to what they had furnished the contractors, about which payment no question seems to be made on this appeal.

The court found generally that plaintiffs had done all things necessary to fix their liens. That the contractors had not abandoned their contract and that the building was completed under the contract, from which he concluded that the plaintiffs should have their liens, notwithstanding he also found the contractors' financial inability to complete the work, and the completion of it at the expense of Fall under the provision of the contract, which under such state of facts, permitted him to do so at reasonable cost.

The appellant assails as unsupported by the evidence the finding of the court that the contractors did not abandon their contract. Whether or not this assignment should be sustained must depend on what the court meant by the term "abandonment." As a matter of fact the contractors' rights and the plaintiffs' rights would have been the same whether the contractor refused to proceed further with the work and went no more about the building, or whether he remained with the building while the defendant Fall exercised his rights under the modified arrangement growing out of the admission by the contractors that they were unable to finish the work. In the one case, if the owner completed the work at reasonable expense the law would give to the contractors' creditors what remained of the contract price when the contract was finished and no more, and the rule would not be different under the facts found by the court. We hold therefore that if the finding complained of should be construed to mean that the contractors did not, by saying they were unable to complete the work, induce the defendant Fall to do it, the assignment should be sustained. If, however, it merely means that the work was in fact completed pursuant to the plans and specifications, and that the contractors did not release their right in the contract nor their right to remain and see that the work was cheaply and expeditiously done, then the assignment should be overruled.

The court having found that the contract provided that the owner might procure the material and labor in case the contractors failed and neglected to do it, that the necessity arose and the owner actually exercised his right under this provision, we can perceive but one possible end to this cause. That an owner may contract as he pleases for the erection of a building is beyond question. He may contract to pay cash in advance. Those who work for a contractor, or who furnish him with materials, do so with reference to the terms of his contract with the owner so far as the question of liens is concerned. An owner without fault can not be held beyond the contract price no matter how inadequate it is compared with the actual cost of the structure. Nor can an owner who in dealing with his contractor does not exceed the privileges of his contract be held to a sum in excess of what remains after those privileges have been exercised.

In this case the contract price was payable on the completion of the building. As long as the contractors were proceeding with the construction of the building and furnishing the proper and requisite amount of material and labor the owner owed it to the laborers and material

men who were preserving their rights in accordance with law to with-hold all payments until the completion of the building, or else withhold enough to protect such laborers and material men in the collection of their claims. But when the contractors confessed their inability to pro-ceed, the owner's right, both at law and according to an explicit provision of this particular contract, intervened and became paramount. He had the right to complete the building at his own expense, parting for such purpose with only such sums as were reasonably necessary to complete the building according to plans and specifications.

In view of this conclusion we do not discuss any other assignments. We are of opinion, however, that the assignments assailing the accounts as not sufficiently itemized are meritorious.

We conclude the judgment should be reversed and here rendered in favor of appellant, and that the $185 held by the owner subject to the order of the court be apportioned between the plaintiffs with reference to the amount of their claims established against this fund, and that a lien be established and foreclosed for that amount. Inasmuch as de-fendant has at all times admitted his liability for this sum and held it subject to the court's order he is not liable for interest thereon, and his assignment upon that point is sustained.

*Reversed and rendered.*

Writ of error refused.