### STATE BANK OF CHICAGO v. W. J. HOLLAND.

Decided April 28, 1910.

**1.—Note—Assignment—Collateral—Bona Fide Holder.**

An assignee of a promissory note taking transfer of it as collateral security, before its maturity, for indebtedness existing and to accrue to it from the payee, and without notice of defenses, is entitled to protection as a bona fide holder for value.

**2.—Same—Foreign Corporation.**

Though a note was given to a foreign corporation for business done by it in Texas without permit to do business in the State, the assignee of such note for a valuable consideration, acquiring it before maturity and without notice of these facts, could maintain suit thereon in Texas. (Ruled by Supreme Court on certified question, 103 Texas, 266).

Appeal from the County Court of Upshur County. Tried below before W. R. Stephens, Esq., Special Judge.

*W. W. Sanders* and *Warren & Briggs,* for appellant.—A foreign banking corporation, in due course of business, having acquired an indebtedness on Texas parties, may maintain an action in our courts upon the obligation thus acquired without taking out a permit to do

business in Texas. Security Co. v. Bank, 93 Texas, 575; Western Supply Co. v. U. S. & M. Trust Co., 92 S. W., 986.

*J. P. Hart, J. S. Barnwell* and *F. S. Eberhart,* for appellee.—The note here sued on was void even in the hands of appellant, for the reason that it grew out of a transaction expressly prohibited by statute under a penalty. Rev. Stats., arts. 745, 746; Campbell v. Jones, 21 S. W., 723; St. Louis, etc., Co. v. Beilharz, 88 S. W., 512; Turner v. Cotton Oil Co., 109 S. W., 1112.

Appellant was not shown to be an innocent purchaser for value before maturity. Sperlin v. Loan Co., 103 S. W., 232.

Appellant should be forced to exhaust the valid collaterals before it could legally require payment that could not be enforced as between the maker and the Chicago Bldg. & Mfg. Co. Van Winkle Gin Co. v. Bank, 89 Texas, 147.

WILLSON, CHIEF JUSTICE.—By his note dated February 29, 1904, and payable November 1, 1904, appellee promised to pay to the Chicago Building and Manufacturing Company or bearer $228.30. The building and manufacturing company was a corporation under the laws of the State of Illinois, and had acquired the note in the transaction of business in this State at a time when it was not authorized to transact business here. It therefore could not maintain a suit on the note in any of the courts of this State. Sayles' Stats., arts. 745, 746. It was indebted to appellant in the sum of about $12,000, and to secure such indebtedness had placed with appellant promissory notes aggregating about the sum of $15,000. Before its maturity the note made by appellee was placed by the building and manufacturing company with appellant as additional security for said indebtedness of $12,000 and other indebtedness which might accrue against it in favor of appellant. Other indebtedness afterwards did accrue in appellant's favor against the building and manufacturing company, so that on March 31, 1904, it owed appellant the sum of $13,703.50. The note executed by appellee not having been paid, as the holder thereof appellant, on February 6, 1906, commenced suit thereon, resulting in a judgment in appellee's favor. During the pendency of the suit appellant's assistant cashier by deposition testified that the building and manufacturing company was then (the date of his deposition is not stated in the record) indebted to appellant in the sum of $12,-000. Later he testified (by deposition) that the indebtedness, by collections of the collateral held to secure it and direct payments made thereon by the building and manufacturing company, had been reduced, but that there was then (date not shown) still due appellant by the building and manufacturing company of the indebtedness it owed to appellant at the time the note sued on was placed with it as collateral security, a balance of $2,543.94 The amount and value of the collateral, if any, held by it to secure this balance, was not shown. It appeared from testimony that, at the time the note was pledged to appellant as collateral security for the building and manufacturing company's indebtedness to it, it was ignorant of the fact that the building and manufacturing company had acquired the note in viola-

tion of the laws of this State. Having reached the conclusion on the facts stated, established by uncontradicted testimony, that appellant as to the note occupied the position and was entitled to assert the rights belonging to a bona fide holder thereof before its maturity for a valuable consideration paid therefor (Greneux v. Wheeler, 6 Texas, 527; Rawles v. Peskey, 50 Texas, 316; Hardie v. Wright, 83 Texas, 345), we certified to the Supreme Court a question as to whether, as such a holder of the note, appellant was authorized to maintain a suit thereon in the courts of this State or not. The Supreme Court has answered the question in the affirmative. 103 Texas, 266, 126 S. W., 564. We must, therefore, reverse the judgment of the court below. The note stipulated for the payment by appellee of reasonable attorney's fees in the event it was collected by suit. In the petition it was alleged that ten percent on the principal and interest of the note was reasonable attorney's fees, and a judgment therefor was sought. But no testimony to support such allegations was offered. Elmore v. Rugely, 107 S. W., 151; Young v. Bank, 117 S. W., 476. In this condition of the record we would remand the cause for a new trial, that appellant might have an opportunity to prove and recover attorney's fees as stipulated for in the note, but for the fact that appellant asks that a judgment be here rendered. Treating this request as a waiver of its right to recover such fees on another trial by making proper proof thereof, we have concluded to render in its favor the judgment authorized by the record. The judgment of this court, therefore, will be that the judgment of the trial court be reversed, and that appellant do have and recover of appellee the sum of $288.50 and interest thereon at the rate of ten percent per annum from the 29th day of February, 1904, together with the costs of this court and the court below.

*Reversed and rendered.*