SAYLES et al. v. FIRST STATE BANK & TRUST CO. OF ABILENE et al. (No. 702.)

(Court of Civil Appeals of Texas. El Paso. May 3, 1917. Rehearing Denied May 24, 1917.)

BILLS AND NOTES ⬤⟿525 — ACTIONS — EVIDENCE—BONA FIDE HOLDER.

In action upon notes, evidence *held* to show that plaintiff was a bona fide holder for value without notice of any fraud.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1832–1839.]

Error from Taylor County Court; E. M. Overshiner, Judge.

Action by the First State Bank & Trust Company of Abilene, Tex., against John Sayles and others. Judgment for plaintiffs, and certain defendants bring error. Affirmed.

Eugene De Bogory and Perry Sayles, both of Abilene, for plaintiffs in error. D. M. Oldham and W. D. Girand, both of Abilene, for defendants in error.

HARPER, C. J. The First State Bank & Trust Company brought this suit against John Sayles, T. F. Scott, J. B. Knox, and H. J. Bradshaw on two promissory notes executed by them, and for interest, attorney's fees, and costs.

Defendants, by answer, denied that the plaintiff was a bona fide holder thereof; that they were without consideration, were executed through fraud and false representations of one J. C. Russell, president of the Commercial National Bank of Abilene, the original payee, in that he, said Russell, agreed that before the notes would be used to obtain money he would secure the signature of Earl Scott after which the money was to be used in promoting an oil well and gas scheme, but in truth and fact said Scott's signature was not secured, nor was the money used for the purposes represented; that they were not jointly liable for the full amount on said notes, but that Bradshaw and Sayles were liable for one-third only; that the liability of each was controlled by a contract in writing dated June 23, 1910, executed by the parties and should be made a part of the notes, etc.

Plaintiff answered that said agreement was a separate writing, executed more than two years prior to the date of the notes declared upon, and in no wise controlled them;

that it was an innocent holder for value, without notice of any fraud.

The cause was tried with jury, and upon their verdict judgment entered for plaintiff for the value of the notes, from which this appeal is taken.

The question first to be answered is: Was the plaintiff a bona fide holder for value?

The notes sued on were of date June 4, 1912, due June 4, 1913, signed by T. F. Scott, J. B. Knox, H. J. Bradshaw, and John Sayles, payable to the order of Commercial National Bank, Abilene. The said bank, by written contract by the following portion of it, on April 6, 1913, transferred them to plaintiff:

"That the second party takes over as a pledge and as security for the repayment to said second party all sums of money which it may pay out in the carrying out of the undertakings on its part to be performed hereinafter mentioned, together with interest and commission hereinafter provided for, and the said first party hereby bargains, grants, sells, conveys, assigns, and transfers to said second party all of the assets of said first party, personal, real, or mixed, of whatsoever kind and wheresoever situated, as shown by schedule attached hereto as Exhibit A, and made a part hereof, upon the following terms and conditions, to wit:

"First. Said second party takes all deposits of said first party as its own deposits, and shall be, and hereby agrees to be, liable to the depositors who have heretofore made said deposits with said first party,· in the same manner and to the same extent as if said deposits had been originally made with said second party in the first instance."

Afterward, upon petition of plaintiff herein, a receiver of the Commercial National Bank was appointed by the United States District Court. The notes in question were listed and turned over to the receiver by plaintiff as a part of the assets, and afterwards sold under order of the court by the receiver, and purchased by the plaintiff. The undisputed evidence is to the effect that the plaintiff had advanced an amount far in excess of the value of the assets of the Commercial National Bank received by it in carrying out the contract above quoted from. And there is no evidence that the plaintiff had any notice, actual or constructive, that any fraud was claimed to have been practiced in inducing the execution of the notes.

We therefore conclude that the plaintiff First State Bank & Trust Company was a bona fide holder for value without notice, and that the trial court did not err in entering the judgment complained of. Prouty v. Musquiz, 94 Tex. 87, 58 S. W. 721, 996; State Bank of Chicago v. Holland, 103 Tex. 266, 126 S. W. 564; Id., 60 Tex. Civ. App. 515, 128 S. W. 435.

The other assignments are addressed to alleged errors in charge of the court, admission of evidence, and to the limited liability of each of the joint makers of the notes by reason of a private contract between them prior to the execution of the notes, all of which are dependent upon proof that the

plaintiff was not a bona fide holder without notice of the fraud charged. So in view of the above holding, if error, they are of no avail to appellants.

Finding no error in the record, the cause is affirmed.