BRADER v. SPIKES et al.

No. 14438.

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 6, 1942.

F. V. Hinson, of Graham, and Clark, Craik, Burns & Weddell, of Fort Worth, for appellant.

Tom M. Miller, of Graham, for appellees.

McDONALD, Chief Justice.

H. S. Spikes and twenty-one others sued R. R. Brader and Noah Daves to recover approximately $2,600 alleged to be due them for labor performed by them in the drilling of an oil well in Young County, and to foreclose laborer's liens on the property. In a trial without a jury, the court rendered judgment jointly and severally against defendants for the full amount of plaintiffs' claims, and decreed a foreclosure of their asserted liens. Brader alone has appealed.

Brader and Daves filed cross-actions against each other. Brader was granted judgment against Daves for all amounts the former should pay out under the judgment over and above the sum of $15.91.

Plaintiffs appear to contend in this court, in their briefs, that the judgment rendered in their favor is supported by one or all of three separate theories of recovery: First, that the evidence is sufficient to show that Brader and Daves were drilling the well as copartners, or at least as joint adventurers, and that the plaintiffs therefore were employed by both of them. Second, that the evidence is sufficient to show that even if Daves was drilling the well as an independent contractor, the plaintiffs took steps sufficient to fix laborer's liens against the property by giving the notice and filing the affidavit prescribed by the statutes. Third, that the evidence is sufficient to show that after the drilling of the well was begun, Daves advised Brader that he was financially unable to complete the well, that Brader took it over, and that plaintiffs thereafter worked as employees of Brader.

Plaintiffs' pleadings are insufficient to support a recovery upon either the second or the third ground mentioned. The substance of their pleadings is that Brader and Daves were copartners or joint adventurers, that Daves employed plaintiffs on behalf of both himself and Brader, and that both defendants became jointly and severally liable for the payment of plaintiffs' wages. The form of affidavit used by plaintiffs to affix their liens, copies of which are attached to and made a part of their pleadings, is that set out in Art. 5455, Rev.St.1925, for use by laborers who perform labor for the owner of property, as distinguished from the form set out in Art. 5456 for use by laborers who perform labor for a contractor but who seek to hold the owner by giving notice and filing liens. There are no allegations in the petition that plaintiffs performed labor for Daves as a contractor, and that they took the steps necessary to charge the owner and his property by giving the notice and filing the lien prescribed in such cases, nor are there any allegations that Brader took over the well from Daves, the contractor.

The evidence is undisputed that Brader and Daves entered into a written contract, before any of the work was done, whereby Daves undertook to drill the well on a "turn-key" basis, that is to say, whereby he was to furnish all the labor and material for a stipulated sum.

The recitals of the judgment do not reflect the theory upon which the trial court rendered judgment, but in no event would judgment have been warranted upon any theory not both pleaded and proved. The undisputed evidence is against the only ground of recovery set out in plaintiffs' pleadings.

It has often been held that a cause should be remanded to the trial court for another trial if the ends of justice would be better subserved thereby than by rendering judgment. 3 Tex.Jur. 1215. From the record before us it appears that the

case has not been fully developed, either as to pleadings or as to proof.

In view of the possibility of another trial, attention of the parties and of the court is directed to certain matters.

■ If recovery is sought upon the ground that Brader took over the drilling of the well from Daves, it will be material to determine the nature of the agreements of the parties relative thereto, and particularly whether Brader agreed to assume payment of any wages then owing to plaintiffs by Daves.

■ If recovery is sought upon the ground that plaintiffs worked for Daves as the contractor, but that they took sufficient steps to acquire liens as against Brader, the owner of the property, it will be necessary to prove the date of notice to Brader, and the amount of money then owing by Brader to Daves. In determining such amount, the court will take into account, within the rules announced in the decisions herein cited, such debts of Daves incurred in the drilling of the well as Brader may have assumed before receiving notice of plaintiffs' claims, whether or not such debts had then been actually paid. We consider that the following decisions announce the rules so clearly that we need add nothing to what is said in them: Sunset Brick & Tile Co. v. Stratton, Tex.Civ. App., 53 S.W. 703; Thompson v. Kleinman, Tex.Civ.App., 259 S.W. 593; Gordon Jones Const. Co. v. Welder, Tex.Civ.App., 201 S.W. 681, writ refused; Thelander v. Becker, Tex.Civ.App., 199 S.W. 848, writ refused. It will be material to determine the dates when such assumptions of indebtedness were made with respect to the date of notice to Brader of plaintiffs' claims. We doubt if the notice contained in the letter of June 2, 1941, granted for the sake of illustration that Brader received it, was sufficient to serve as notice of any wages thereafter accruing. It will also be material to determine whether such notice was authorized to be given by or for the several plaintiffs. We are not able to see that notice given on behalf of one who had not authorized it would be sufficient.

Not being able to anticipate all that might be pleaded or proved, it is not possible to announce views upon all issues that might arise.

The judgment of the trial court is reversed, and the cause is remanded to the trial court for another trial.