## J. D. PADGITT ET AL. v. THE DALLAS BRICK AND CONSTRUCTION COMPANY.

### No. 788. Decided May 8, 1899.

**1. Lien—Material—Subcontractor.**

The right to a lien under Revised Statutes, article 3296, in favor of one furnishing material for the construction of a building upon contract with a subcontractor, does not depend upon the state of accounts between the contractor and subcontractor at the time it was served, but upon that between the owner and the contractor. (P. 628.)

**2. Same.**

Notice of claim of lien by one furnishing brick to a subcontractor was made at a time when the contractor had fully settled with the subcontractor to whom it was furnished, but more than the amount of the lien claimed was still due from the owner to the contractor. Held, that the materialman could enforce his lien. (Pp. 627-629.)

QUESTION CERTIFIED from the Court of Civil Appeals for the Third District, in an appeal from Dallas County.

*Holloway & Holloway*, for appellants.—Our mechanic's lien law is based upon the principles of subrogation and garnishment. By the notice and the filing of the lien, the funds due the debtor are held for the payment of his creditor, and the creditor is subrogated to the rights of his debtor. Where nothing is due to the debtor there can be no garnishment. Where the debtor has no claim there can be no subrogation on the part of his creditor.

The lien of a materialman furnishing material to an original contractor is limited, both by statute and independently thereof, to the amount due from the owner to the original contractor at the time the lin is fixed by notice. Fullenwider v. Longmoor, 73 Texas, 480; Dudley v. Jones, 77 Texas, 69; Pool v. Sanford, 52 Texas, 621; Shields v. Morrow, 51 Texas, 393; Burt v. Parker Co., 77 Texas, 338; Rev. Stats., arts. 3296, 3308.

The principle that the owner shall be liable for no more than his indebtedness to the original contractor will be applied to protect the origi-

nal contractor against the claim of a materialman furnishing material to a subcontractor, where the subcontractor has been paid in full by the original contractor.

The lien of a materialman furnishing material to a subcontractor is subject to a double limitation; it is limited to the amount due from the owner to the original contractor, and also limited to the amount due from the original contractor to the subcontractor at the time the lien is fixed by notice.   Boisot on Mech. Liens, secs. 252, 255; Utter v. Crane, 37 Iowa, 631; Mallorv v. City of Marion Waterworks Co., 77 Iowa, 715, 42 N. W. Rep., 521; French v. Bauer, 134 N. Y., 548; 20 L. R. A., 560; Lumbard v. Railway, 55 N. Y., 491; Crane v. Genin, 60 N. Y., 127; Dore v. Sellers, 27 Cal., 588.

*Clark & Clark,* for appellee.—Plaintiff was not required to arrest funds in the hands of Watson due Gary & Reach, and defendant's plea that at the time notices were served Watson had paid to Gary & Reach all that was due them under their contract, and the value of labor and material furnished by them, presented no defense to plaintiff's cause of action. Rev. Stats., art. 3296.

The materialman's lien, in Texas, is based upon no principle of garnishment or subrogation, but is based upon the broad and just principle that the materialman shall not be deprived of his property by any man or combination of men without just compensation.   Winder v. Caldwell, 14 How., 434.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals for the Third Supreme Judicial District has certified to this court the following statement and question:

"This is a suit to establish and foreclose a materialman's lien.   The District Court rendered judgment in favor of the plaintiff and the defendants have appealed.   The testimony shows that the First Presbyterian Church of Dallas entered into a contract with A. Watson, by the terms of which the latter agreed to erect a house for the former for the total consideration of $10,425.   Watson sublet the contract for a portion of the brick work to Gary & Reach, agreeing to pay them $3000 therefor.

"Gary & Reach purchased brick from the Dallas Brick and Construction Company to be used in complying with their contract with Watson, and Gary & Reach put the brick so furnished them in the building referred to.   Gary & Reach, after partially performing their contract, abandoned the same without completing the work they had agreed to do. At the time they abandoned their contract and at the time the Dallas Brick and Construction Company served notice of its claim against the building, Watson did not owe Gary & Reach anything, he having paid them more than they were entitled to about the time that they abandoned the contract.

"It is not shown that Watson made any premature payments to Gary & Reach.   That is to say, it is not shown that any payments were made to

them in advance of the time stipulated in the contract between them and Watson.

"Within the time authorized by the statute, the Dallas Brick and Construction Company served notice upon the agent of the First Presbyterian Church of Dallas, of its claim for brick furnished for the construction of the church building, which showed a balance due for said brick of $339.55. At the time this notice was served, the First Presbyterian Church of Dallas had not paid to Watson, the contractor, all that was due him on his contract, and owed him at that time more than enough to pay the claim of the Dallas Brick and Construction Company; but, as before stated, Watson did not then owe and has not since owed the subcontractors, Gary & Reach, anything. Since the service of the notice on the church, the latter has settled with Watson, paying him the full amount stipulated in his contract; he, however, having delivered to the church an indemnity bond to protect it from liability on the claim of the Dallas Brick and Construction Company.

"Under these facts, it is contended by the appellants, who are the representatives of the First Presbyterian Church of Dallas, that the Dallas Brick and Construction Company has no lien upon the church building, for the reason that at the time it served the written notice of its claim, the contractor, Watson, was not indebted to the subcontractors, Gary & Reach, and as the brick and construction company dealt with and sold the brick to Gary & Reach, it is contended they have no greater rights than Gary & Reach have.

"This is one of the material questions involved in the case, and the Court of Civil Appeals certifies the same to the Supreme Court for decision. In other words, stating the question in the abstract, do the rights of a materialman, who has furnished material for the construction of a portion of a building, under a contract between a materialman and a subcontractor, depend upon the state of accounts between the contractor and the subcontractor? Or, when the material has been so furnished and the other necessary steps have been taken to secure and preserve the lien, can the materialman claim and enforce such lien if the owner of the building be indebted to the contractor to the extent of the amount claimed by the materialman, although nothing be owing from the contractor to the subcontractor?"

To the question certified, we answer that the right of a materialman who has complied with the law to enforce his lien upon a building for the price of material furnished for its construction does not depend upon the state of accounts between the original contractor and subcontractor, but upon the condition of accounts between the contractor and the owner of the property.

So much of article 3296 as affects the question certified is in the following words: "Any person, firm, or corporation who may furnish any material to any contractor, subcontractor, agent, or receiver, to be used in the erection of any house, building, or improvement, or to construct or repair any railroad or its properties, by giving written notice to the

owner or his agent of such house, building, or improvement, or the railroad company, its agent or receiver, of each and every item furnished, and by showing how much there is due and unpaid on each bill of lumber or material furnished by said lumberman, corporation, or materialman under said contract, at any time within ninety days after the indebtedness shall have accrued, may fix and secure the lien provided for in this chapter as to the material furnished at the time or subsequent to the giving of the written notice above provided for, by filing in the office of the county clerk of the county in which such property is situated, and if it be a railroad company, in any county through which its road may pass, an itemized account of his or their claim, as provided in this article, and cause the same to be recorded in a book kept by the county clerk for that purpose; provided, that in no case shall the owner be compelled to pay a greater sum for [or] on account of labor performed or material, machinery, fixtures, and tools furnished as provided in this chapter than the price or sum stipulated in the original contract between such owner and the original contractor or builder of such house, building, fixtures, improvements, or repairs." Under the provisions of the foregoing article, one who furnishes material to a subcontractor to be used in the construction of a house may, by complying with the provisions of that article, fix a lien upon the property and secure the payment of the price of the material so furnished without regard to the original contractor. The law does not provide that the materialman shall take any notice of the rights of the original contractor, but requires that he shall give to the owner of the property notice of the material furnished to enable him who furnished it to subject the property to his claim. Article 3308 of the Revised Statutes authorizes the owner of property improved, upon which a lien has been fixed under the statute, to withhold from the contractor so much of the price for the construction of the building as may be necessary to satisfy the lien. If material has been furnished to a subcontractor and the law has been complied with so that a lien is fixed upon the property, and the owner owes to the original contractor a sufficient amount of the contract price to settle the claim, the property may be subjected to its payment, although the contractor may have paid to the subcontractor more than the latter was entitled to receive.

The certificate states that notice was given and the lien fixed within the time required by law, and the question certified does not embrace the proposition that the notice given was not sufficient to entitle the materialman to a lien upon the house, which counsel for appellants have so earnestly argued before this court. This court has not jurisdiction to decide that question.