## WILSON et al. v. SHERWIN–WILLIAMS PAINT CO.

(Court of Civil Appeals of Texas. Dallas. Nov. 1, 1913. Rehearing Denied Nov. 15, 1913.)

1. MECHANICS' LIENS (§ 263*)—ENFORCEMENT —PARTIES.

In an action against an original contractor and the owner of a building for materials furnished to a subcontractor and to enforce the lien against the building, representatives of the subcontractor were not necessary parties where he died insolvent and the only property he had was exempt.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 471–481; Dec. Dig. § 263.*]

---

2. APPEAL AND ERROR (§ 1036*)—REVIEW—HARMLESS ERROR—PARTIES.

Even if they were necessary parties, defendants were not prejudiced, as the subcontractor left no property subject to execution.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4069–4074; Dec. Dig. § 1036.*]

3. MECHANICS' LIENS (§ 121*)—PROCEEDINGS TO PERFECT—NOTICE TO OWNER.

Though notice of materials furnished a subcontractor was not given the owner of a building until after all the materials were furnished and the lien filed, yet, as it was given before the owner had paid the original contractor, the materialman was entitled to enforce his lien.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 164; Dec. Dig. § 121.*]

4. MECHANICS' LIENS (§ 118*)—PROCEEDINGS TO PERFECT—NOTICE TO OWNER.

An original contractor cannot complain that notice of materials furnished a subcontractor was not given to him, since the statute only requires notice to be given to the owner of the building.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 161; Dec. Dig. § 118.*]

5. MECHANICS' LIENS (§ 115*)—PAYMENT TO PRINCIPAL CONTRACTOR—NOTICE.

Where the owner of a building, after notice of the claim of a materialman for materials furnished a subcontractor, paid the original contractor, both he and the original contractor became personally liable to the materialman, since the effect of the notice was to impound the money due from the owner to the contractor.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 150–159; Dec. Dig. § 115.*]

Appeal from District Court, Dallas County; R. C. Roberts, Judge.

Suit by the Sherwin-Williams Paint Company against J. B. Wilson and another. Judgment and decree for plaintiff. Defendants appeal. Affirmed.

Holloway & Holloway, of Dallas, for appellants. F. D. Robertson and Leake & Henry, all of Dallas, for appellee.

RAINEY, C. J. Appellee sued J. B. Wilson, as owner, and Alex Watson Construction Company, contractor, of a certain building to recover for material furnished one Hieatt, a subcontractor working under the original contractor, Alex Watson Construction Company, and to foreclose the materialman's lien. The defendant Alex Watson Construction Company replied by original answer, and the defendant Wilson by second amended answer. Each set up, by exception and by plea in abatement, that the representatives of Hieatt were necessary parties defendant. The defendants also pleaded a general denial; also, that no notice was given to the owner or to the original contractor of the material as furnished; that no notice at all was given until after the filing of the mechanic's lien and until after the subcontractor had been paid in full by the original contractor, with the exception of a balance of $101.33; that the plaintiff knew of the con-

tract between Hieatt and the Alex Watson Construction Company and knew that the said Hieatt was drawing the amount of his pay rolls each week as provided in his contract, and that the plaintiff failed and neglected to give notice of the material furnished from time to time as is required by the statute, and that the plaintiff was thereby estopped from asserting its claim as to any funds beyond the $101.33; also, that all artisans and mechanics for whom said pay rolls were advanced were entitled to a prior and preference lien against the property and against the funds on hand ahead of the claims of materialmen. The case was tried before the court, a jury being waived. The exceptions and pleas in abatement were overruled. Personal judgment was rendered in favor of the plaintiff, the Sherwin-Williams Company of Texas, against the defendants, J. B. Wilson and the Alex Watson Construction Company, for $1,528.92; the decree also establishing and foreclosing the mechanic's and materialman's lien against the property in question.

The conclusions of fact of the judge of the district court are found to be correct, and the same are adopted as the conclusions of this court, to wit:

1. That the defendant J. B. Wilson is and was the owner of the property described in the plaintiff's petition, and that he contracted with the Alex Watson Construction Company, as the general contractor, for the erection of the building thereon.

2. That the general contractor, the Alex Watson Construction Company, contracted with J. A. Hieatt by written contract, dated June 12, 1911, by which it was agreed that the said J. A. Hieatt should paint the said building, and for such work and material the Alex Watson Construction Company agreed to pay him the sum of $3,000; payments to be made weekly on actual pay rolls for work done on the building, and the balance to be paid within five days after the completion and acceptance of the entire job of painting.

3. That the plaintiff, the Sherwin-Williams Company of Texas, a Texas corporation, on various days beginning July 1, 1911, and up to and including September 21, 1911, furnished to the said J. A. Hieatt, the subcontractor, various paints and other materials to the extent and value of $2,171.30. That the same were delivered to the said Hieatt and to his agents at the place of business of the Sherwin-Williams Company of Texas, and that they were ordered for the building in question and were charged on the plaintiff's accounts to the said J. A. Hieatt on account of the said Wilson building; the said Hieatt having several accounts with the plaintiff at the time and having several buildings under contract. That the plaintiff furnished all of said materials in good faith supposing that they were all to be used in said Wilson building. That in fact a portion of said ma-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

terials, to the extent and value of $1,528.92, were used in the painting of said building and were wrought into and became a part of said building. That the remaining portion of said materials, $642.38 in value, were not used in said building, but that the plaintiff had no knowledge that the same were not so used in said Wilson building.

4. That no notice of the furnishing of said materials was given to the said J. B. Wilson, or to the said original contractor, the Alex Watson Construction Company, from time to time as said materials were furnished. That on September 30, 1911, written notice of the furnishing of said materials was given to the said original contractor, the Alex Watson Construction Company; said notice being in the words following, and also having attached thereto itemized statements of each bill of material with the prices therefor and the amounts due, said itemized bills being of the dates of the sale of said materials from July 1, 1911, to September 21, 1911, to wit: "Dallas, Texas, September 30, 1911. The State of Texas, County of Dallas. To Alex Watson Construction Co. of Dallas, Dallas County, Texas: You are hereby notified that J. A. Hieatt is indebted to the Sherwin-Williams Company of Dallas, Texas, in the sum of twenty-one hundred and seventy-one ($2,171.30) dollars and thirty cents for material furnished on the building now being erected by you for J. B. Wilson in the city of Dallas, Dallas County, Texas, and located on lot three (3), block 76½, according to the official map of the city of Dallas, and that the Sherwin-Williams Company, acting through me as the duly authorized agent, shall hold you responsible to the Sherwin-Williams Company for the payment thereof until the same be settled; a full and correct account whereof, in accordance with the itemized account hereto attached, has been properly attested to and filed for record in the county clerk's office, of Dallas county, Texas. Witness my hand this 30th day of September, A. D. 1911. J. S. Covert, Agent for the Sherwin-Williams Company."

5. That on October 9, 1911, the plaintiff gave to the said J. B. Wilson written notice as follows; the said notice being attached to a duplicate copy of all of said itemized statements, the same as in the case of the notice to the said Alex Watson Construction Company, to wit: "Dallas, Texas, September 30, 1911. The State of Texas, County of Dallas. To J. B. Wilson of Dallas, Dallas County, Texas: You are hereby notified that J. A. Hieatt is indebted to the Sherwin Williams Company, of Dallas, Texas, in the sum of twenty-one hundred and seventy-one ($2,171.30) dollars and thirty cents, for material furnished on the building now being erected by the Alex Watson Construction Company for you in the city of Dallas, in said county and state, and located on lot three (3), block 76½, according to the official map of the

city of Dallas, and that the Sherwin-Williams Company, acting through me as the duly authorized agent, shall hold you responsible to the Sherwin-Williams Company for the payment thereof until the same be settled; a full and correct account whereof, in accordance with the itemized account hereto attached, has been properly attested to and filed for record in the county clerk's office of Dallas county, Texas. Witness my hand this 30th day of September, A. D. 1911. J. S. Covert, Agent for the Sherwin-Williams Company."

6. That no other notices of the plaintiff's claim had been given to the said original contractor, or to the said owner, prior to the foregoing notices.

7. That on September 30, 1911, the mechanic's lien claim, as set out in the plaintiff's petition, was filed for record and duly recorded in the mechanic's lien records of Dallas county.

8. That the said written notices were given, and the said mechanic's lien claim filed, within 90 days after the accrual of the plaintiff's indebtedness against the said J. A. Hieatt.

9. That at the time of the giving of said notices to the original contractor and to the said owner, there remained in the hands of the said owner, due to the original contractor on the original contract price for the construction of said building, a sum exceeding $10,000. That after the said notices, the said owner paid to the said original contractor the full amount so owing on account of the construction of said building.

10. That prior to said date of September 30, 1911, the said J. A. Hieatt, the subcontractor, completed all of said work under his subcontract with the exception of the amount of $159.25 for labor and $67.60 for materials which the said Hieatt failed to perform and furnish, and that the said aggregate sum of $226.85 was necessary to the completion of said work and was paid out by the said original contractor to complete the same. That the said Hieatt also performed certain extra work amounting to $110. That prior to September 30, 1911, the original contractor had paid to the said Hieatt, the subcontractor, from week to week on account of pay rolls rendered on said subcontract the aggregate amount of $2,781.82. That there was due from the said original contractor, to the said Hieatt, on September 30, 1911, a balance of $101.33, on account of said original contract and extras, after deducting payments to the said Hieatt. That the said sum of $101.33 is still due and unpaid from the Alex Watson Construction Company to the said J. A. Hieatt.

11. That thereafter the said J. A. Hieatt died at Dallas, Tex., in February, 1912, insolvent, and leaving no property outside of his homestead and other exempt property, beyond the $101.33, so due from the said

Alex Watson Construction Company. That he left a widow and seven children residing at Dallas, Tex., as set out in the plaintiff's petition. That none of the said heirs have received anything of value from his estate, either by devise or descent, with the exception of such exempt property.

12. That the original plaintiff in this cause was the Sherwin-Williams Company, a corporation organized under the laws of the state of Ohio. That the present plaintiff is the Sherwin-Williams Company of Texas, a corporation organized in 1908 under the laws of the state of Texas. That in fact the business was conducted and the materials in question were sold by the Sherwin-Williams Company of Texas, and not by the said Sherwin-Williams Company, the Ohio corporation. That the said companies are two distinct corporations.

[1, 2] 1. The first, second, third, and fourth assignments of error are to the same effect; that is, they complain of the court's overruling of defendant's exceptions to plaintiff's petition, the ground being the want of necessary parties, in that the representatives of Hieatt, deceased, were not parties to this action. We think no error was committed by the court in this particular. Hieatt was dead, and surviving him were a widow and seven children. He died insolvent, and the only property he had was a homestead and some exempt personal property. The Alex Watson Construction Company owed him $101.33, and there was nothing which made it worth while to have an administrator of the estate appointed. The widow and children had received from him no property which would make them liable to account to creditors, and to have made them parties to this proceeding would have increased the costs of the proceeding and otherwise proven absolutely useless. The law does not require the doing of a useless thing. The making of the widow and children parties would have proven of no practical benefit to either party, and therefore, if the strict rules of the law required such, the defendants have in no way been injured by the overruling of the exception.

[3, 4] The fifth, sixth, seventh, and eighth assignments of error are related and complain of the court for establishing and foreclosing the mechanic's lien because notice was not given as the materials were furnished, but given after all the materials were furnished and the mechanic's lien filed, and further that the Alex Watson Construction Company, without notice, had paid to the said Hieatt the amount due him, except $101.33. At the time Wilson was notified of appellee's claim, he was indebted to Alex Watson Construction Company on the original contract price over $10,000, but subsequently paid all out to said construction company. While notice was not given to him as the material was furnished, it was given

before he had paid the original contractor, and before the 90 days for fixing lien had expired. The statute does not require notice to be given the contractor of the claim for materials furnished, and the fact that the construction company had paid Hieatt does not militate against appellee's right to recover against Wilson, as he held in his hands a sum due the contractor largely in excess of appellee's claim. Padgitt v. Construction Co., 92 Tex. 626, 50 S. W. 1010.

It is suggested that the failure to give the statutory notice, as the items are furnished, can only be excused when no one is prejudiced by the delay. No one can be prejudiced in this case except the construction company, and it has no right to complain. The law makes no provision for notice to be given it by the materialman of the material furnished, from which we conclude that, as it was the duty of the contractor to construct the building, he ought to know what material goes into it and where it came from, and therefore able to protect himself from loss. If he overpays his subcontractor, he must stand the consequences, and as in this case his remedy is against the subcontractor as between the contractor and the paint company, we think the equity is with the paint company.

[5] The ninth and tenth assignments complain of the judgment for fixing personal liability against J. B. Wilson and the Alex Watson Construction Company, and it is contended that, while the statute subjects the owners of property in a proper case to the lien of a materialman, it does not create a personal liability against the owner. This contention of appellant as a rule is correct, but we think under the facts of this case the appellants are both personally liable to appellee. Within 20 days after the material was furnished notice was given to Wilson, and at that time Wilson had in his hands more than enough money due the contractor to pay appellee's claim. The effect of the notice to Wilson was to impound the money due the contractors in Wilson's hands, and he thereby became personally liable to appellee. As said in the case of Lonergan v. Trust Co., 101 Tex. 80, 104 S. W. 1069, 130 Am. St. Rep. 803: "From the time of the service of the notice upon the owner of the property he can make no further payment to the contractor without incurring liability for the lien debt, if proper steps shall be taken to establish it, to the extent of his indebtedness under the contract when the notice is served." In said case it is also said: "The owner of the property is liable to the materialman only as he, the owner, would be liable to the contractor." Wilson having paid out the money to the contractor after notice, he became liable personally for it to appellee. The nature of his debt to the contractor was a personal obligation, and such is declared his obligation to appellee un-

der the circumstances. The contractor is liable for having received it from the owner after it was impounded. So we think no error was committed as complained of. Rev. Civ. St. 1911, art. 5635.

The judgment is affirmed.