## W. A. James v. St. Paul's Sanitarium.

### Decided December 20, 1900.

**1. Mechanic's Lien—Rights of Materialman.**

Where a materialman who furnishes material to a contractor fails to give notice of his claim to the owner of the building within the time prescribed by the statute, he acquires no lien against the property, and the statute regulating the matter, and in this case cutting off the claim, is not unconstitutional as being so restrictive as not to afford an efficient protection to a lien given by the Constitution. Following Berry v. McAdams, 93 Texas, 431.

**2. Same—Contract.**

Where the materialman failed to comply with the statute as to fixing a lien against the owner of the building, he could not, after the owner had settled in full with the contractor, establish a lien by showing that by the building contract the owner was authorized to retain 20 per cent of the contract price, since he was not himself a party thereto.

Appeal from Dallas. Tried below before Hon. Richard Morgan.

*Henry & Henry,* for appellant.

*Moroney & Love,* for appellee.

TEMPLETON, Associate Justice.—The appellant, W. A. James, brought this suit against L. W. Divelbiss and the appellee, the St. Paul's Sanitarium, a private corporation, and for cause of action alleged that on March 6, 1897, Divelbiss contracted with the appellee to construct for it a house in the city of Dallas for the sum of $87,211.75, to be paid in installments on the first of each month, on estimates of the work completed and material used, withholding 20 per cent of the estimate until the final payment should be made, which it was contracted should be due within fifteen days after the contract should be completely finished; that appellant furnished to Divelbiss material of the value of over $16,000, to be used in constructing the building, and that it was so used with the knowledge of the appellee; that the object of putting in the contract the stipulation for reserving 20 per cent of the monthly estimate was, among other things, to enable appellee to protect itself from loss by reason of claims that might be made for material used in constructing the building. It was further alleged that the material so furnished by appellant was delivered between November 17, 1897, and June 14, 1898, the building being completed on the day last

named; that on September 8, 1898, appellant caused written notice to be given appellee of each and every item of material so furnished and used, and that on September 9, 1898, he filed in the office of the county clerk of Dallas County an itemized account of said material, which was duly recorded. Appellant prayed for judgment against Divelbiss for the unpaid balance due on the account, amounting to more than $5000, and for the foreclosure of a materialman's lien against appellee on the building and the lot·on which the same was situated. Judgment was rendered against Divelbiss, as prayed for, and he has not appealed. The appellee, the St. Paul's Sanitarium, interposed a general demurrer to the petition against it for foreclosure, which demurrer was sustained and judgment final rendered in its favor, from which judgment this appeal is prosecuted.

It appears from the petition that the building was finished on June 14, 1898, and that final payment by the appellee was to be made fifteen days thereafter, and it was not alleged that the appellee was indebted to Divelbiss in any sum whatever when the written notice of appellant's account was served on it. It is not contended that appellant complied with the statute in attempting to fix his lien, but it is insisted that the Constitution gives a lien in favor of materialmen, and that the statute which regulates the manner in which the lien shall be fixed is unconstitutional in that it is so restrictive as not to afford an efficient method of protecting and enforcing the lien given by the Constitution. Since the trial of this cause the Supreme Court has passed on the question, and decided it against the contention of appellant. Berry v. McAdams, 93 Texas, 431. It was there held that the materialman seeking to establish a lien against the owner of the property is bound to proceed in the manner and within the time prescribed by statute, and that actual knowledge on the part of such owner that the material was furnished is not sufficient, but that the statutory written notice must be given, and that, in any event, the lien can only attach for such sum as may be owing by the owner to the contractor when the lien is fixed.

The appellant further contends that it was the duty of the appellee to reserve the 20 per cent of the monthly estimates provided for by the contract until all claims for material were settled, or at least until the time had elapsed in which a lien for material furnished could be established. We are of opinion that the case cited practically disposes of this contention also. The only claim that one who has furnished material to the contractor can have against the owner is the lien provided by the statute for whatever amount may be owing by the owner to the contractor when the lien is fixed. The appellant was not a party to the contract between Divelbiss and the appellee, and was not authorized to control or direct their dealings with each other under the contract. The appellee had not agreed to pay appellant for the material, but had contracted to pay, and did pay, Divelbiss for it. The appellant had an opportunity to protect himself against loss by fixing his lien within the time and in the manner prescribed by law. Having failed to do so, the appellee can not be made to pay for the material again.

Having no lien on appellee's property and no contractual relations with it, appellant is without remedy against it. There is no charge of fraud and no claim of estoppel.

There is no error in the judgment, and it is affirmed.

*Affirmed.*