**JENKINS v. ANDERSON et al.　(No. 3254.)**

(Court of Civil Appeals of Texas. Texarkana. June 2, 1926. Rehearing Denied June 24, 1926.)

**1. Appeal and error ⬅1064(1)—Instructing jury relative to issues in absence of defendant's counsel and permitting them to change answers held not erroneous, where only question in case was properly determined by answers to other issues submitted.**

Where only question for jury in suit on note was whether note was acquired for valuable consideration before maturity, and jury determined such issue by answers to special questions submitted, action of trial judge in instructing jury relative to other issues submitted in absence of defendant's counsel, and permitting them to thereafter change answers to such issues, *held* not erroneous.

**2. Bankruptcy ⬅20(1)—District court had jurisdiction of suit on note assigned by bankrupt although scheduled as part of estate but listed as being held as security.**

District court had jurisdiction of suit on note assigned by bankrupt before maturity as collateral, although note had been scheduled as

part of estate but was listed as being held as security.

### 3. Bankruptcy ⊜⊃295.

District court · would have jurisdiction of suit by trustee in bankruptcy on note belonging to estate.

Appeal from District Court, Delta County; Newman Phillips, Judge.

Suit by C. B. Anderson and another against W. R. Jenkins. Judgment for plaintiffs, and defendant appeals. Affirmed.

James Patteson, of Brownsville, and Rube S. Wells and L. L. James, both of Cooper, for appellant.

Joel H. Berry, of Cooper, for appellees.

HODGES, J. The appellees, George and C. B. Anderson, filed this suit against the appellant to recover on a promissory note for $1,000 and to foreclose a vendor's lien on a lot situated in Cooper, Tex. The note was payable to C. E. Anderson or order, and was due January 1, 1921. It shows upon its face that it was given for the purchase price of the lot above referred to. The appellees claim the note by purchase from C. E. Anderson before maturity. The only defense pleaded beyond a general denial was an agreement to rescind the contract of sale and the cancellation of the note. According to the evidence of the appellant that agreement was entered into with C. E. Anderson several months after the note matured, and was only partially performed.

The trial court submitted the following issues:

"(1) Did C. E. Anderson, in the year 1920 and before the maturity of the note involved in this case, place the note with C. B. Anderson to secure C. B. Anderson as guarantor for C. E. Anderson in the payment of a debt by C. E. Anderson to the First National Bank of Enloe?" To which issue the jury answered: "No."

"(2) In the year 1920 did C. E. Anderson become indebted to C. B. Anderson for money loaned to C. E. Anderson by C. B. Anderson?" To which issue the jury answered: "Yes."

"(3) If you say 'Yes' to question 2, then did C. E. Anderson in the year 1920 and before the maturity of the note in question place said note with C. B. Anderson to secure C. B. Anderson in the payment of the money so loaned to C. E. Anderson by C. B. Anderson?" To which issue the jury answered: "Yes."

"(4) If you answer 'Yes' to the above question, then has C. B. Anderson held said note for the purpose until the present time?" To which issue the jury answered: "Yes."

"(5) Did C. E. Anderson agree for the plaintiff C. B. Anderson, to hold the note in controversy as security to C. B. Anderson for the payment of a debt from C. E. Anderson to W. J. McDonald?" To which issue the jury answered: "Yes."

"(6) What is the amount of the indebtedness for which the plaintiffs in this case hold the note sued on as collateral?" To which issue the jury answered: "$7,500."

Appellant complains of the action of the court in refusing to receive and enter judgment on a prior report of the jury, in which the answers to two questions were different from those appearing above. What the court did is thus stated in the bill of exception:

"Be it remembered that upon the trial of the above entitled and numbered cause, the case having been submitted to the jury upon special issues of fact, and after the jury had retired to consider their verdict and in the absence of the defendant's counsel, the jury notified the court that it was ready to report. The court had the jury brought into the courtroom to receive their verdict. Whereupon the court, upon the examination of the verdict of the jury, found that the jury had not answered special issue No. 6 requested by the defendant and submitted to them by the court, and in answer to question No. 4 of the court's general charge the jury had answered, 'No.' After reading the answers of the jury in the presence of the jury, the court called attention to the fact that the jury had not answered special issue No. 6, and inquired of the jury if the jury understood the answer that had been made to question No. 4, referred to above. Whereupon one of the jurors undertook to state to the court that the answer to question No. 4 was agreed upon by a kind of a trade. The court stopped the juror from further explaining how the jury arrived at their answer, stating that it was the right of the jury to make such answer as they might agree upon as to the questions, but that it was necessary for them to answer question No. 6, provided they could agree upon an answer.

"The jury had filled in what they thought was an answer to issue No. 6 by using the words: 'We do not know.' The court erased the words, and instructed the jury to retire and see if they could not agree upon an answer to said issue. Whereupon the jury retired, and in less than five minutes returned into open court announcing to the court that they had agreed fully upon their verdict. The jury had answered question No. 6, referred to above, as shown in their verdict, and they had changed their answer to question No. 4 from 'No' to 'Yes.' The court read to the jury their verdict and inquired of the jury if they agreed with the foreman in the verdict as read. Wherefore the jurors indicated their assent to the question.

"All of these proceedings cited above were had in open court, but none of the attorneys for the defendant were present, and none of them had notified the court that they desired to be present when the verdict of the jury was received.

"The defendant now excepts to the procedure outlined above, and especially excepts to the court, in the absence of defendant's counsel, erasing the answer of the jury as they had undertaken to answer question No. 6, for the reason that the jury had made proper and sufficient answer to issue No. 6; and the defendant further excepts to the statements that the court made to the jury relative · to question No. 4 and its answer, and permitting the jury

to change their answer in question No. 4 from 'No' to 'Yes'; and the defendant excepts to the action of the court, in the absence of the defendant and his counsel, in receiving said verdict in its final form in the absence of the defendant's counsel."

[1] There was no error in the proceedings complained of. Under the pleadings in this case there was in fact but one question for the jury to pass upon—did the appellees acquire the note for a valuable consideration before maturity? The answers to questions 2 and 3 determined that issue in favor of the appellees. The issue submitted in question No. 4 was not raised by the evidence or the pleadings.

[2, 3] It is contended that the trial court was without jurisdiction to render a judgment in this case because the note sued on was a part of the assets of the bankrupt estate of C. E. Anderson. There was testimony to the effect that after the assignment of the note C. E. Anderson was adjudged a bankrupt, and that this note had been scheduled as a part of his estate. However, the evidence showed that it was listed as being held by the appellees for a debt due from the bankrupt. The trustee had never claimed it or attempted in any way to secure its possession. It seems that he treated the note as no part of the bankrupt estate. He is not now objecting in any form to its collection by the present holders. If the trustee should undertake to assert a claim to the note upon the ground that it was a part of the estate of the bankrupt, the court below would be the proper forum. Gordon-Jones Const. Co. v. Welder (Tex. Civ. App.) 201 S. W. 681, and cases there referred to. The same court would also be the proper forum for a suit by the trustee, or any other holder, to enforce the collection of the debt.

There are no pleadings challenging the right of the appellees to maintain this suit. That the note is due and unpaid is conclusively shown by the evidence. That the appellees have a right to claim the amount for which the note was given is shown by the overwhelming testimony.

The judgment is affirmed.